J-S05016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN HENRY SNYDER | : | |
| | : | |
| Appellant | : | No. 1025 MDA 2021 |

Appeal from the PCRA Order Entered July 20, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0002081-2015

BEFORE: PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 04, 2022**

Appellant, John Henry Snyder, appeals from the July 20, 2021 order entered in the Court of Common Pleas of Dauphin County, denying his supplemental petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court determined that trial counsel was not ineffective for failing to request an alibi instruction at the conclusion of Appellant's jury trial. Appellant submits that this was error and that he is entitled to a new trial. Upon review, we affirm.

As the PCRA court explained, at the conclusion of his June 2017 jury trial, Appellant was convicted of aggravated indecent assault of a child, aggravated indecent assault (complainant less than 13 years old), indecent assault (complainant less than 13 years old), unlawful contact with a minor

(sexual offenses), and corruption of minors.[1]  Memorandum Order, 7/20/21, at 1.[2]  On September 20, 2017, Appellant was sentenced to an aggregate term of 13 to 26 years in prison.  After his post-sentence motions were denied, Appellant filed a direct appeal to this Court.  On July 25, 2018, we affirmed his judgment of sentence.

On July 26, 2019, Appellant filed a timely PCRA petition. Appointed counsel filed a supplemental petition seeking reinstatement of appellate rights.  Those rights were reinstated and Appellant sought allowance of appeal to our Supreme Court.  On March 9, 2020, the Supreme Court denied his appeal.

On June 15, 2020, Appellant filed another PCRA petition.  Appointed counsel subsequently filed a supplemental petition, asserting trial counsel ineffectiveness for failure to request an alibi instruction.  The Commonwealth filed its response and the PCRA court conducted an evidentiary hearing on April 2, 2021.  By order entered on July 20, 2021, the court denied Appellant's petition.  This timely appeal followed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents one issue for this Court's consideration:

---

[1] 18 Pa.C.S.A. §§ 3125(b), 3125(a)(7), 3126(a)(7), 6318(a)(1), and 6301(a)(1), respectively.  The jury acquitted Appellant on a charge of rape of a child.  18 Pa.C.S.A. § 3121(c).

[2] The trial judge also presided over Appellant's PCRA proceedings.

Whether the PCRA Court erred denying relief based upon the claim that the trial counsel was prejudicially ineffective for failing to request the standard alibi jury instruction, Pa. SSJI (Criminal) 3.11, when testimony showed that the complaining witness, A.M., testified that Appellant committed crimes at the precise time (July 2012/Summer of 2012) when it was established that the Appellant was at another location (Dauphin County Prison)?

Appellant's Brief at 3.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

In addressing ineffective assistance of counsel claims, we are guided by the following authorities:

[A] PCRA petitioner will be granted relief [for ineffective assistance of counsel] only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013).

- 3 -

**Spotz**, 84 A.3d at 311-12 (citations modified).

With respect to the alibi instruction, our Supreme Court has explained that "[a]n alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." **Commonwealth v. Jones**, 210 A.3d 1014, 1017 (Pa. 2019) (quoting **Ali**, 10 A.3d at 316).

In the context of the three prongs of the ineffectiveness test, the PCRA court first considered whether Appellant's claim had arguable merit, *i.e.*, "whether the testimony provided by the victim at trial revealed whether an alibi defense was appropriate." Memorandum Order, 7/20/21, at 1. The court proceeded to summarize the testimony presented at trial. Based on our review, we find that the PCRA court's factual findings, with citations to the notes of testimony, are supported by the record. **See** Memorandum Order, 7/20/21, at 3-5.

Essentially, the victim, A.M., testified that she was born in February 2006. In 2011, she resided in Middletown, PA, with her mother and Appellant, who was then married to her mother, as well as her younger half-brother, who was the son of her mother and Appellant. A.M. testified that when she was about six years old, Appellant raped and otherwise sexually assaulted her over the course of five to seven days. A.M., who was eleven years old at the time of the trial, described the assaults in great detail. **See** Notes of Testimony ("N.T."), Trial, at 20-41. On cross-examination, she stated that the assaults

took place in "about July" of 2012. *Id.* at 53. On redirect, she repeated that the events occurred about a year before she told her mother and that it was "sometime in July." *Id.* at 77. A.M. testified that she did not tell her mother— or anyone else—about the assaults until October 2013 when her mother received papers in the mail indicating her divorce from Appellant was final. A.M. explained that she told her mother at that time because she "knew that he wouldn't be with us and that they were separated finally." *Id.* at 43.

The PCRA court noted that Appellant was in and out of prison throughout his relationship with A.M.'s mother, largely for violating protection from abuse orders. Memorandum Order, 7/20/21, at 4. The court explained that the Commonwealth introduced a timeline at trial establishing that Appellant was in prison from May 22, 2012 until November 22, 2012. *Id.* Accordingly, Appellant's counsel argued in his closing that A.M. "told you it happened in July. If something happened to [A.M.], it wasn't at the hands of [Appellant]." N.T., Closing Arguments and Jury Charge, at 4-5.

The PCRA court did not find that argument dispositive, concluding that, "as a six year old child, she was not exactly sure when she was victimized. However, the victim was explcitily able to testify to what happened to her. Thus we are not sure whether an alibi instruction would have been proper." Memorandum Order, 7/20/21, at 5. The court then appropriately noted that even if Appellant was entitled to an alibi charge, *i.e.*, even if Appellant's claim

was of arguable merit, it was necessary to consider the other prongs of the *Pierce* test. *Id.*

The PCRA court proceeded to examine the second prong, *i.e.*, whether counsel had a reasonable basis for not requesting an alibi instruction. "Admittedly, trial counsel conceded at the PCRA evidentiary hearing that he could not recall what, if any, trial strategy supported his deicsion not to request an alibi instruction. Thus, [Appellant] has satisfied element two of the *Pierce* test." *Id.*

The PCRA court next discussed the third prong, *i.e.*, whether counsel's omission resulted in actual prejudice to Appellant. Similarly, in *Jones*, the Court determined that the resolution of the appeal turned on the prejudice prong of the *Pierce* test. The Court explained:

> In the context of a post-conviction challenge to counsel's stewardship, prejudice is established where the truth-determining process was so undermined that "no reliable adjudication of guilt or innocence could have taken place," 42 Pa.C.S. § 9543(a)(2)(ii), *i.e.*, there is a reasonable probability that, but for counsel's error, the outcome of the trial would have been different. *See Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015) (citing *Commonwealth v. Harris*, 852 A.2d 1168, 1173 (Pa. 2004)). This does not mean a different outcome would have been more likely than not; a reasonable probability is a probability "sufficient to undermine confidence in the outcome of the proceeding." *Id.* (citing *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012)). Still, a speculative or attenuated possibility of a different outcome is insufficient to undermine confidence in the outcome. *See Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 792 (2011) ("The likelihood of a different result must be substantial, not just conceivable." (citation omitted)).

*Jones*, 210 A.3d at 1018-19 (citations modified) (footnote omitted).

In **Jones**, our Supreme Court indicated that "the totality of the evidence" introduced at trial is to be reviewed in order to evaluate whether an appellant has proven prejudice. **Id.** at 1019 (quoting **Strickland**, 466 U.S. at 695, 104 S.Ct. at 2069). Here, the PCRA court aptly summarized the testimony of the victim, noting that while she was unable to state exactly when the abuse occurred, she nevertheless "testified to the gruesome details that she had to endure." Memorandum Order, 7/20/21, at 5-6. However, as our Supreme Court instructed in **Jones**, the testimony of other witnesses is also important to a review of "the totality of the evidence." **Jones**, 210 A.3d at 1019.

At trial, A.M.'s mother testified not only to A.M.'s details of the abuse revealed upon the mother's receipt of her divorce decree, but also to details of the tumultuous and oft-times violent relationship mother had with Appellant during their marriage, giving credence to A.M.'s statement that she did not tell her mother about the abuse when it happened because Appellant threatened A.M., saying he would kill her mother if she reported the abuse. N.T., Trial, at 122-40, 148-53, 179. Further, representatives from the Children's Resource Center and District Attorney's Child Abuse Unit testified as to their interactions with A.M., her descriptions of the abuse, and her October and November 2013 video interviews, which were shown to the jury. **Id.** at 102-04, 229-33. Finally, Appellant's sister testified that Appellant admitted to her and her husband on three occasions that Appellant molested

A.M. She explained that the first two times he admitted his actions, he had been drinking and she thought he was just joking. However, the third time Appellant acknowledged his misconduct, he was not drinking and she decided he was serious, prompting her to contact A.M.'s mother. *Id.* at 276-85. Admittedly, Appellant and his sister had a strained relationship at the time of the third "confession." However, it was up to the jury to consider whether her testimony was credible. Further, as the PCRA court recognized, "defense counsel made it abundantly clear, during cross-examination and in his closing argument, that [Appellant] was incarcerated during the time that the victim testified that the abuse occurred." Memorandum Order, 7/20, 21, at 6. **See also** N.T., Closing Arguments and Jury Charge, at 4-5.

In **Jones**, after considering the evidence admitted at trial, the Court then stated:

> When evaluating prejudice based on the lack of an alibi instruction, courts have considered whether the trial court expressly charged the jury that the burden is always on the government to prove guilt beyond a reasonable doubt, and that that burden never shifts to the defendant. This is relevant because such an instruction, if given, tends to diminish the concern that jurors might otherwise have believed that, by offering an alibi, the defendant was required to prove it rather than simply create a reasonable doubt as to his guilt. **See generally Strickland**, 466 U.S. at 695, 104 S.Ct. at 1068 (recognizing that, in undertaking a prejudice analysis, reviewing courts assume that the fact-finder "reasonably, conscientiously, and impartially appl[ied] the standards that govern[ed] the decision"); **Commonwealth v. Brown**, 605 Pa. 103, 124, 987 A.2d 699, 712 (2009) (noting juries are presumed to follow the court's directions).

- 8 -

Here, the trial court defined the concept of reasonable doubt and then explained the government had the burden of proving guilt beyond that threshold. The court continued by emphasizing that the defendant is presumed innocent and "has no duty to prove *anything*." N.T., July 26, 2011, at 571 (emphasis added); **see also id.** at 525 (reflecting that the Commonwealth, in its summation, also highlighted that the defendant "does not have to prove anything"). Although the judge did not specifically say Appellant had no duty to prove his alibi, it seems likely his alibi would have been understood by the jury as encompassed by the term "anything."

**Jones**, 210 A.3d at 1024-25 (some citations omitted).

In the case before us, the trial court similarly provided instructions addressing the presumption of innocence and instructed that the presumption carries throughout the trial, unless and until the jury concludes that Commonwealth has proven guilt beyond a reasonable doubt. Memorandum Order, 7/20/21, at 6 (quoting N.T., Closing Arguments and Jury Charge, 45-46). The court continued, explaining reasonable doubt. **Id.** at 7 (quoting N.T., Closing Arguments and Jury Charge, at 46-47). Additionally, the court addressed credibility, instructing the jurors that they were the sole judges of credibility of the witnesses and their testimony. **Id.** at 7-8 (quoting N.T., Closing Arguments and Jury Charge, 42, 47-49.)[3]

As the PCRA court explained:

[The trial court's] instructions suggest that [the] jury considered all the testimony and inconsistencies presented in reaching a final verdict. Thus, the instructions when read as a whole clarified that

---

[3] We note that Appellant did not testify at trial. The trial court properly delivered a "no adverse inference" instruction. N.T., Closing Arguments and Jury Charge, at 49.

- 9 -

> the burden remained on the government to prove that the defendant did in fact commit the crimes. Further, the Commonwealth's evidence of guilt was substantial. The strength of the government's evidence is relevant because "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." **Strickland v. Washington**, 466 U.S. 668, 696, 104 S.Ct. 2052[,] 2069 (1984). The victim's testimony was very compelling and it was the province of the jury to decide the credibility of the witness.

Memorandum Order, 7/20/21, at 8 (footnote omitted).

There was no challenge to the Commonwealth's exhibit indicating Appellant was in prison in July 2012. As noted, defense counsel made it clear during cross-examination of Commonwealth witnesses and during his closing argument that Appellant could not have committed the assaults during July 2012. The question for the jury to decide was not if the abuse occurred during July 2012, but rather whether A.M.'s claim of abuse was credible, even if her timeline was incorrect. As illustrated above, there was substantial evidence that Appellant assaulted A.M. Appellant has not established that there is a reasonable probability of a different outcome had trial counsel requested, and the court delivered, an alibi instruction. Again, "[t]he likelihood of a different result must be substantial, not just conceivable." **Jones**, 210 A.3d at 1019 (quoting **Harrington**, 562 U.S. at 112, 131 S.Ct. at 792). Because Appellant has failed to demonstrate that he suffered actual prejudice based on the lack of an alibi instruction, he has not satisfied the third prong of the **Pierce** ineffectiveness test and is not entitled to PCRA relief.

Based on our review of the record, we find that the PCRA court's findings of facts are supported by the record. Further, we find no error in the court's conclusions of law. Therefore, we shall affirm the PCRA court's order denying Appellant's petition for collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/04/2022